UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHRISTOPHER DEMETRIUS FRANK          CASE NO.  6:24-CV-00490

VERSUS                                               JUDGE DAVID C. JOSEPH

ROXANNE FRANK                                  MAGISTRATE JUDGE DAVID J. AYO

## REPORT AND RECOMMENDATION

Now before this Court is the Complaint filed by *pro se* Plaintiff Christopher Demetrius Frank.  (Rec. Doc. 1).  After review of the Complaint, this Court recommends *sua sponte* dismissal of the instant case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Kumar v. Panera Bread Co.*, 2024 WL 1216562 at *2 (5th Cir. 2024) (internal citations omitted) (federal courts have an "independent responsibility" to consider the nature and extent of their own jurisdiction).

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).  Federal subject matter jurisdiction may be based on the presence of a federal question or on diversity of citizenship.  Where a suit presents claims "arising under the Constitution, laws, or treaties of the United States," the district court may exercise federal question jurisdiction.  28 U.S.C. § 1331.  Where the court's diversity jurisdiction is invoked, each plaintiff's citizenship must be diverse from each defendant's citizenship and the amount in controversy must exceed $75,000, exclusive of costs and interest.  28 U.S.C.

1

§ 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship.*, 516 F. App'x. 401, 403 (5th Cir. 2013) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). "'Failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Dos Santos*, *supra* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Plaintiff's Complaint names Roxanne Frank as its sole defendant. (Rec. Doc. 1 at p. 3). The Complaint, filed on a *pro se* form for suits based on diversity of citizenship under 28 U.S.C. § 1332, offers no information regarding Roxanne Frank's citizenship or address. (*Id.* at pp. 2–3). Plaintiff lists his own address in Carson, California. (*Id.* at p. 1). It is unclear to the undersigned whether Plaintiff is domiciled in California since his Complaint is based on his eviction from his former residence of unknown location while he was visiting his mother in California. Plaintiff further alleges he is now homeless. (*Id.* at pp. 4–5); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (internal citations omitted) (domicile is comprised of residence and the intent to remain). Based on these facts, this Court lacks a basis upon which to make a finding of complete diversity.

Section III of the Complaint asks for a statement of the claim. After reviewing Plaintiff's allegations, the undersigned surmises that Plaintiff claims he was living in a home owned by his father when his father died. The Defendant, who the undersigned gathers was married to the Plaintiff's father at the time he died, is alleged to have evicted Plaintiff from that home without due process. Finally,

Plaintiff claims the Defendant has stolen or disposed of his personal belongings. Considering these allegations, Plaintiff seeks a judgment in the amount of $50,000. (*Id.* at p. 4). Based on the foregoing, Plaintiff's suit does not meet the jurisdictional amount in controversy under 28 U.S.C. §1331(a).

As this Court has identified Plaintiff's failure to adequately allege the citizenship of the Defendant and to allege an amount in controversy exceeding the jurisdictional threshold, the undersigned finds no basis for the exercise of diversity jurisdiction in this case.

## <u>Conclusion</u>

For the reasons discussed herein, this Court recommends that Plaintiff's suit be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for want of federal subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      **THUS DONE** in Chambers, Lafayette, Louisiana on this 24th day of May, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

4